**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-6723**

_____

STEVEN W. GOODMAN,

                    Plaintiff – Appellant,

          v.

WILLIAM  W.  MUSE;  RITA  J.  ANGELONE;  MINOR  F.  STONE;
FREDERICK M. QUAYLE; KAREN D. BROWN,

                    Defendants - Appellees.

_____

Appeal  from  the  United  States  District  Court  for  the  Western
District  of  Virginia,  at  Roanoke.   Samuel  G.  Wilson,  District
Judge.  (7:12-cv-000568-SGW-RSB)

_____

Submitted:  September 19, 2013      Decided:  September 30, 2013

_____

Before AGEE, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Steven Wayne Goodman, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Wayne Goodman appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915A. He also appeals from the denial of his motion for reconsideration. We affirm.

As he did in his motion for reconsideration, Goodman avers on appeal that the district court misconstrued one of his claims. Specifically, Goodman alleges that the Virginia parole statute limits parole consideration to post-commitment, prison-related factors and that the Board's policy guidelines which permit consideration of other factors violated his constitutional rights. While the district court did not address this claim as now framed by Goodman, we conclude that the claim is nonetheless frivolous because it rests on a faulty construction of the Virginia statute.

Va. Code Ann. § 53.1-155A (2013) reads as follows:

> No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole will not be incompatible with the interests of society or of the prisoner.

Goodman avers that the phrase "while in prison" applies to the entire first sentence, thus only permitting consideration of the prisoner's conduct and experience in prison when determining whether parole is appropriate. However, the

2

phrase "while in prison" clearly applies only to "his conduct, employment and attitude," and the statute thus also requires consideration of the prisoner's history, physical and mental condition, and character, both while in prison and prior to incarceration. Moreover, even if Goodman correctly reads the first sentence of the statute, he ignores the second sentence which requires consideration of pre-commitment and non-prison-related factors in determining whether release on parole is appropriate for both society and the prisoner. See Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 15 (1979) (noting that "[t]he parole determination . . . must include consideration of what the entire record shows up to the time of the sentence, including the gravity of the offense in the particular case"); Vann v. Angelone, 73 F.3d 519, 521-22 (4th Cir. 1996) (noting that "[m]ost parole decisions involve a considerable degree of discretion . . . parole authorities must investigate and weigh numerous factors including [the inmate's] history, mental and physical condition, attitude, and compatibility with the 'interests of society'").

We conclude that Goodman's reading of the statute is untenable, and the Board's policy guidelines are entirely

3

consistent with the statute.[*]  Accordingly, we affirm.  We deny

Goodman's motion to expedite.  We dispense with oral argument

because the facts and legal contentions are adequately presented

in the materials before the court and argument would not aid the

decisional process.

AFFIRMED

---

[*] The Board's Policy Manual outlines fourteen factors to guide its discretion in parole decisions.  "The nature of the offense of incarceration is one such factor, along with considerations of rehabilitation and the risk posed by the prisoner to himself and to society upon his release." Burnette v. Fahey, 687 F.3d 171, 176 (4th Cir. 2012).

4